**KILPATRICK TOWNSEND &
STOCKTON LLP**

Robert N. Potter (RP-5757)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

James Trigg
Jennifer R. Findley
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
(*Pro Hac Vice* applications pending)

*Attorneys for Defendant Wetpaint.com, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NEAL CLIPPER,**<br><br>                               **Plaintiff,**<br><br>       – *against* –<br><br>**WETPAINT.COM, INC.,**<br><br>                               **Defendant.** | **CIVIL ACTION NO.<br>1:17-CV-9217 (NRB)** |

**DEFENDANT WETPAINT.COM, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Wetpaint.com, Inc. ("Wetpaint.com"), through its undersigned counsel, answers the Complaint filed by Plaintiff Neal Clipper ("Plaintiff") as follows:

**NATURE OF THE ACTION**

1.     Defendant admits that Plaintiff in its Complaint seeks to recover for alleged copyright infringement and seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq* but denies that Plaintiff is entitled to such relief. Defendant

1

admits that it displayed an image of The Real Housewives of New Jersey television star Teresa Giudice with her husband Joseph Giudice at their wedding, but is without information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and thus denies such allegations.

## JURISDICTION AND VENUE

2. Defendant admits this Court has subject matter jurisdiction over this action, but denies the remaining allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and thus denies such allegations.

6. Defendant admits the allegations in Paragraph 6.

## PLAINTIFF'S ALLEGED STATEMENT OF FACTS

**A.    Background and Plaintiff's Alleged Ownership of the Photograph**

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and thus denies such allegations.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and thus denies such allegations.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and thus denies such allegations.

**B.    Defendant's Alleged Infringing Activities**

10. Defendant admits that on October 17, 2016, an article was featured on Wetpaint.com entitled *Teresa Giudice May Skip Visiting Imprisoned Joe on Their Anniversary*

(the "Article"), and the Article contained an image of The Real Housewives of New Jersey television star Teresa Giudice with her husband Joseph Giudice at their wedding. Defendant is without information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 and thus denies such allegations.

11. Defendant is without information sufficient to form a belief about the truth of the allegations in Paragraph 11 and thus denies such allegations.

## CLAIM FOR RELIEF
### (ALLEGED COPYRIGHT INFRINGEMENT AGAINST PAINT)
### (17 U.S.C. §§ 106, 501)

12. Defendant repeats and incorporates by reference its responses to Paragraphs 1-11 above.

13. Defendant denies the allegations that it infringed Plaintiff's copyright. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 and thus denies such allegations.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

## PLAINTIFF'S PRAYER FOR RELIEF

No response is required with regard to Plaintiff's Prayer for Relief. To the extent any such response may be required, Defendant repeats and incorporates by reference its responses to Paragraphs 1-17 above and states that Plaintiff is not entitled to any of the relief he seeks in the Complaint for each of the reasons set forth in Defendant's Answer and Affirmative Defenses and for additional reasons that will be established during the course of this proceeding.

## GENERAL DENIAL

Except as expressly admitted, qualified, or otherwise answered, Defendant denies each and every matter, thing, allegation, or averment contained in the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

In further answer to the Complaint, and by way of affirmative defenses, Defendant states that it will rely upon the following defenses if applicable and if supported by the facts. Defendant does not admit that it bears the burden of proof for any of these defenses.

A. The Complaint and each cause of action alleged therein fail to state a claim upon which relief may be granted.

B. Plaintiff's claims are barred in whole or in part because Defendant's actions were authorized by and permitted under license and/or sub-license.

C. Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

D. Plaintiff's claims are barred in whole or in part by the doctrine of acquiescence.

E. Defendant's activities are protected under the First Amendment of the United States Constitution.

F. Defendant's actions constitute fair use under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

G. Plaintiff's claims are barred by the safe harbor provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

Defendant respectfully reserves the right to amend its Answer and Affirmative Defenses to add additional or other defenses or to delete or withdraw defenses, or to add counterclaims as may become necessary after a reasonable opportunity for appropriate discovery.

**WHEREFORE**, Defendant requests the following relief:

**(a)**   That Plaintiff be denied all relief sought in the Complaint;

**(b)**   That the claims asserted in the Complaint be dismissed with prejudice;

**(c)**   That Defendant be awarded its attorneys' fees and costs pursuant to, *inter alia*, 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d); and

**(d)**   Any such other and further relief as the Court deems just and proper.

Dated: January 19, 2017

Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: */s/ Robert N. Potter*
Robert N. Potter (RP-5757)
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
rpotter@kilpatricktownsend.com

James Trigg
Jennifer R. Findley
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
(*Pro Hac Vice* applications pending)

*Attorneys for Defendant Wetpaint.com, Inc.*